JOURNAL ENTRY and OPINION
{¶ 1} A jury found defendant Kimberly Jones guilty of two counts of felonious assault in connection with an incident in which she used her car to ram another car containing two occupants. Her sole assignment of error on appeal is that the verdict is against the manifest weight of the evidence.
 {¶ 2} When considering an argument raising the weight of the evidence, we determine whether there exists a greater amount of credible evidence to support one side of an issue rather than the other such that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v.Martin (1983), 20 Ohio App.3d 172. A reversal on a verdict as being against the manifest weight of the evidence can only occur in the exceptional case. This is because "the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." See State v. DeHass (1967),10 Ohio St.2d 230, paragraph one of the syllabus. As a reviewing court, we acknowledge that:
 {¶ 3} "The jury is the sole judge of the weight of the evidence and the credibility of witnesses. It may believe or disbelieve any witness or accept part of what a witness says and reject the rest. In reaching its verdict, the jury should consider the demeanor of the witness and the manner in which he testifies, his connection or relationship with the prosecution or the defendant, and his interest, if any, in the outcome." SeeState v. Antill (1964), 176 Ohio St. 61, 67.
 {¶ 4} The state showed that the victims were a mother and daughter. The father of the child victim, Marcus Freeman, also fathered a child with defendant Jones and resided with Jones at the time of the crime. The victims had been with Freeman, and were sitting in their parked car waiting for Freeman to leave a house he had entered. The mother said that as she sat listening to music, a brick struck the car. She looked up and saw Jones, who said, "get out of the car, bitch." The car had been idling, so the mother put the car into gear and drove off. The mother looked through her rear-view mirror and saw Jones get into a car and give chase. When the mother stopped at a stop sign, Jones rammed her from behind, pushing the mother and child through the intersection and spinning into a utility pole. Jones then went up to the victims' car and said, "Ha, ha, bitch. That's why I crashed your car." Jones also said, "I won't care if you and your daughter, you and your slow ass daughter drop dead."
 {¶ 5} Freeman exited the house and saw the aftermath of the incident, telling a friend of his to remove the child from the car. As he argued with Jones, Jones gave her car keys to a friend, who moved Jones' car from the scene. When the police arrived, they saw damage on the victims' car. Jones' car was later recovered and showed traces of white paint that appeared to match the color of the victims' car.
 {¶ 6} Jones argues that the verdict is against the manifest weight of the evidence because there was no corroborating testimony from any witnesses, and the police conducted a minimal investigation that could not have established that her car struck the victims.
 {¶ 7} While some of what Jones argues is true — there were no corroborating witnesses to the incident — the jury did not lose its way by finding Jones guilty of felonious assault. As the state correctly points out, Jones testified at trial that she saw the victims being struck by another white car, but she failed to mention this version of events to the police at the time of the incident. And even if she did tell Freeman this version of events, he did not deem it important enough to mention it at trial. In any event, the jury could have viewed Jones' story critically, as it did not explain away police testimony showing what they believed to be was recent damage to Jones' car, and paint marks that matched the color of the victims' car.
 {¶ 8} The state presented a consistent version of events, quite possibly prompted by jealously over a man. The physical evidence strongly suggested Jones' involvement, and other evidence showed that Jones allowed another person to move her car after the incident. In short, the versions of events presented at trial do not establish that the verdict was against the manifest weight of the evidence.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Dyke, J., and McMonagle, J., concur.